**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Dunn, | ) | **CASE NO. 1:15 CV 1960** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Timothy McGinty, | ) | |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

*Pro se* Plaintiff Michael Dunn filed this action under 42 U.S.C. § 1983 against

Cuyahoga County Prosecutor Timothy McGinty.[1]  In the Complaint, Plaintiff alleges he was

unfairly indicted on charges of rape, kidnaping and corruption of a minor with respect to an

incident that occurred twenty years ago.  He asserts claims for malicious prosecution, false

imprisonment, and denial of due process.  He seeks monetary relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  (ECF No. 2).  That

Application is granted.

### BACKGROUND

Plaintiff was indicted on July 30, 2013 by the Cuyahoga County grand jury and charged

with rape, kidnaping, and corruption of a minor.  He contends the incident in question happened

---

[1]     Plaintiff initially indicated he was bringing his claims under 42 U.S.C. § 1982.  He filed an
Amended Complaint on October 2, 2015 (ECF No. 3) stating he had intended to bring claims under
42 U.S.C. § 1983, not § 1982.  The Court will consider his claims under § 1983.  He also added a
claim for malicious prosecution.

in 1993 and at that time, the alleged victim gave a statement to Cleveland police and indicated

she did not wish to pursue criminal charges.  He states that complaint was presented to the

prosecutor at that time, and he declined to seek an indictment.

On October 13, 2011, East Cleveland police secured a search warrant for Plaintiff's

property in Cleveland.  During the search, they discovered DVD's and a rock of crack cocaine,

which led to his arrest.  He was indicted on the rape, kidnaping and corruption of a minor

charges twenty months after his arrest.  The case ended in a mistrial with a deadlocked jury.

The Court granted Plaintiff's Motion to Dismiss on May 1, 2015 based on speedy trial

violations.  Plaintiff contends Defendant engaged in malicious prosecution, falsely imprisoned

him and denied him due process by pursuing charges against him.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to

dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon

which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*,

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of

Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact

when it is premised on an indisputably meritless legal theory or when the factual contentions are

clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A

pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the

pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.

The Plaintiff is not required to include detailed factual allegations, but must provide more than

"an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151

F.3d 559, 561 (6th Cir.1998).

### DISCUSSION

As an initial matter, prosecutors are also entitled to absolute immunity  from damages

for initiating a prosecution and in presenting the state's case.  *Imbler v. Pachtman*, 424 U.S.

409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).  A prosecutor must

exercise his or her best professional judgment both in deciding which suits to bring and in

conducting them in court.  *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).  This duty

could not be properly performed if the prosecutor is constrained in making every decision by the

potential consequences of personal liability in a suit for damages.  *Id.*  These suits could be

expected with some frequency, because a defendant often will transform his resentment at being

prosecuted into allegations of improper and malicious actions by the prosecutor.  *Imbler*, 424

U.S. at 424-25; *Skinner*, 463 F.3d at 525.  Absolute immunity is therefore extended to

prosecuting attorneys when the actions in question are those of an advocate.  *Spurlock v.*

*Thompson*, 330 F.3d 791, 798 (6th Cir. 2003).  Immunity is granted not only for actions directly

related to initiating a prosecution and presenting the State's case, but also to activities

undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at

431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002).

In this case, the challenged actions of Cuyahoga County Prosecutor Timothy McGinty

were all intimately associated with the judicial phase of Plaintiff's prosecution.  He contends the

prosecutor sought and obtained an indictment against Plaintiff, and took the case to trial.  While

that trial resulted in a hung jury and was ultimately dismissed for speedy trial violations, the

allegations against the prosecutor are all based on actions he or his assistants took as advocates

of the state.  Consequently, Defendant is entitled to absolute immunity.

### **CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is

granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/1/15